ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 11 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

at __10__ o'clock and __25__ min. __A__M
SUE BEITIA, CLERK

| | |
|---|---|
| STEVEN MCGUINE, as Representative of the Estate of Barbara Jean Green, Deceased and on behalf of all survivors of Barbara Jean Green; STEVEN MCGUINE as Representative of the Estate of Kristen Marie Wormsley, Deceased and on behalf of all survivors of Kristen Marie Wormsley,<br><br>Plaintiff,<br><br>vs.<br><br>THE ISLAMIC REPUBLIC OF PAKISTAN, MINISTRY OF DEFENSE, MINISTRY OF INTERIOR, PAKISTAN INTELLIGENCE AGENCY SERVICE, PERVEZ MUSHARRAF, PRESIDENT GEN. OF THE ISLAMIC REPUBLIC OF PAKISTAN, PAKISTAN POLICE DEPARTMENT, PROTESTANT INTERNATIONAL CHURCH, AL QAEDA ISLAMIC ARMY, EGYPTIAN ISLAMIC JIHAD, OSAMA BIN LADEN, THE TALIBAN, MUHAMMAD OMAR, MAULVI ABDUL KABIR, JALIL SHINWARI, NOOR JALIL, THE REPUBLIC OF IRAQ, THE REPUBLIC OF SUDAN, ISLAMIC REPUBLIC OF IRAN, JOHN DOES 1-50, JANE DOES 1-50, DOE | CIV NO 04-00181 DAE-BMK<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF STEVEN MCGUINE'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS THE ISLAMIC REPUBLIC OF PAKISTAN, THE REPUBLIC OF IRAQ, THE REPUBLIC OF SUDAN AND THE ISLAMIC REPUBLIC OF IRAN AND TO DISMISS THE COMPLAINT WITHOUT PREJUDICE |



| | |
|---|---|
| CORPORATIONS 1-50, DOE PARTNERSHIPS 1-50, DOE NONPROFIT ENTITIES 1-50, AND DOE GOVERNMENTAL ENTITIES 1-50, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF STEVEN MCGUINE'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS THE ISLAMIC REPUBLIC OF PAKISTAN, THE REPUBLIC OF IRAQ, THE REPUBLIC OF SUDAN AND THE ISLAMIC REPUBLIC OF IRAN AND TO <u>DISMISS THE COMPLAINT WITHOUT PREJUDICE</u>**

Before the Court is Plaintiff Steven McGuine's Motion for Default Judgment against Defendants the Islamic Republic of Pakistan ("Pakistan"), the Republic of Iraq ("Iraq"), the Republic of Sudan ("Sudan"), and the Islamic Republic of Iran ("Iran") filed on March 17, 2005 ("Motion"). Plaintiff brings this Motion pursuant to the Federal Rules of Civil Procedure ("FRCP") 55(b)(2) for Defendants failure to file or otherwise plead in the case. On July 11, 2005, Pakistan filed a Memorandum in Opposition to the Motion. The other Defendants have not filed a response motion. The matter came on for hearing on July 29, 2005.

After careful consideration of the motions, supporting and opposing memoranda and arguments of counsel, the Court hereby FINDS and

RECOMMENDS that Plaintiff's Motion be DENIED and Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

## Background

On March 17, 2004, Plaintiff filed a Complaint against Defendants Iraq, Iran, Sudan, Pakistan and others.[1] Plaintiff alleged that Defendants' support and assistance to terrorist groups resulted in the deaths of Barbara Green and Kristen Wormsley when they, along with others, were attacked during a church service in Islamabad, Pakistan on March 17, 2002. Specifically, Plaintiff alleged that Islamic extremists, through the support and aid of the Defendants, ran through the center of the church throwing live grenades toward the congregation in an effort to murder foreign diplomats and United States citizens who regularly attended service there. Plaintiff, as representative of the estates and survivors of the two victims, seeks damages in excess of 980 million dollars for their injuries and ultimate deaths.

## Discussion

A.  <u>Plaintiff Lacks Standing to Bring the Instant Lawsuit Because he is Not a Duly Appointed Legal Representative</u>

---

[1] On March 10, 2005, the Islamic Republic of Pakistan ("Pakistan") filed a Motion to Dismiss the Complaint. Plaintiff did not file any opposition to the motion. The Court, having reviewed the motion, granted Defendant Pakistan's Motion on July 12, 2005. The Motion for Default Judgment ("Motion") against Pakistan is therefore moot and will not be considered.

Plaintiff Steven McGuine claims that he is the representative of the Estates of Barbara Jean Green and Kristen Marie Wormsley in the instant lawsuit. Plaintiff however, admitted at the July 29, 2005 hearing on the Motion that he was not properly appointed to serve as the personal representative of their Estates as required by Haw. Rev. Stat. § 560:3-103.[2] Plaintiff consequently lacks standing to sue on behalf of the Estates of Barbara Jean Green and Kristen Marie Wormsley.

B.  <u>Plaintiff Failed to Establish the Court's Authority to Assert Personal Jurisdiction over the Foreign Defendants in Order to Enter Default Judgment under FSIA</u>

When a entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look to its jurisdiction over both the subject matter and the parties. <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999). Courts have personal jurisdiction over foreign states when (1) subject matter jurisdiction is granted under the Foreign Sovereign Immunities Act ("FSIA")[3] and (2) when there is adequate service of process. 28 U.S.C. § 1330(b). Here Plaintiff's suit fails to satisfy both requirements and therefore fails to establish personal jurisdiction. The Court therefore RECOMMENDS that the

---

[2] To acquire the powers and undertake the duties and liabilities of a personal representative of a decedent, a person must be appointed by order of the court or registrar, qualify and be issued letters. Haw. Rev. Stat. § 560:3-103.

[3] 28 U.S.C. § 1602 et seq.

4

lawsuit be DISMISSED WITHOUT PREJUDICE. See In re Tuli, 172 F.3d at 712 (stating that when considering whether to enter default judgment, the court may dismiss an action sua sponte for lack of personal jurisdiction).

### 1. Subject Matter Jurisdiction

The FSIA is the sole means of obtaining jurisdiction over a foreign state in a court of the United States. Tei Yan Sun v. Taiwan, 201 F.3d 1105, 1107 (9th Cir. 2000). Unless a statutory exception exists under the FSIA, "no court has subject matter jurisdiction over a claim brought against a foreign country." Id. Plaintiff alleges jurisdiction under three statutory exceptions.

### a. Commercial Activity Exception

Plaintiff's complaint first alleges jurisdiction under 28 U.S.C. § 1605(a)(2). Section 1605(a)(2) provides an exception to jurisdictional immunity of a foreign state when the action is based upon "an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." See id. § 1605(a)(2). In determining whether the commercial exception applies, courts focus on those specific acts that form the basis of the suit and whether they constitute or are in connection with a commercial activity, regardless of the defendants general commercial or governmental character. See Joseph v. Office of Consulate Gen. of

Nigeria, 830 F.2d 1018, 1023 (9th Cir. 1987).  Under FSIA, a commercial activity is one in which an individual would carry on for profit.  See Int'l Ass'n of Machinists and Aerospace Workers v. Org. of Petroleum Exporting Countries, 649 F.2d 1354, 1357 (9th Cir. 1981).  The Complaint however, does not allege how the terrorist grenade attack giving rise to the wrongful death claims in question is connected with commercial conduct or a particular commercial transaction.  Plaintiff's Complaint in fact, states that the purpose of the attacks was not for profit, but a "conspiracy to murder United States citizens" and retaliation for Pakistani President General Pervez Musharraf's strong support of America's war against terrorism.  The Court therefore, does not have subject matter jurisdiction under the commercial activity exception of FSIA.

    b. 28 U.S.C. § 1605(a)(5)

The Complaint next alleges subject matter jurisdiction under 28 U.S.C. § 1605(a)(5).  This exception requires that the personal injury or death caused by the foreign state official or employee occurred in the United States.  See id.  This exception however, does not apply because it is undisputed that the attacks occurred in Islamabad, Pakistan and the Court therefore can not assert jurisdiction under this provision.

    c. State-Sponsored Terrorism Exception

Plaintiff lastly claims that the Court has subject matter jurisdiction under 28 U.S.C. § 1605(a)(7) which provides an exception to FSIA for suits in which money damages are sought by or on behalf of a U.S. national for certain acts of state-sponsored terrorism. The relevant elements of proof under this exception are: (1) that personal injury or death resulted from an extrajudicial killing;[4] (2) the act was either perpetrated by a foreign state directly or a nonstate actor which receives material support or resources[5] from the foreign state defendant; (3) the act or provision of material support or resources is engaged in by an agent, official or employee of the foreign state while acting within the scope of his or her

---

[4] 28 U.S.C. § 1350 defines extrajudicial killing as "a deliberated killing not authorized by a previous judgment pronounced by a regularly constituted court affording all the judicial guarantees which are recognized as indispensable by civilized peoples." Unlawful, deliberate and premeditated suicide bombings have been held to constitute an extrajudicial killing under 28 U.S.C. § 1605(a)(7). See Wagner v. Islamic Republic of Iran, 172 F. Supp. 2d 128 (D.D.C. 2001) (holding that the premeditated suicide bombing of the U.S. embassy in Beiruit qualified as an extrajudicial killing because no evidence suggested that a lawful tribunal judicially sanctioned the bombings). The Complaint alleges that Islamic extremists ran through the church in Islamabad throwing live grenades at the congregation in an attempt to murder U.S. citizens as retribution for Pakistan's support of the United States' war on terrorism. One unidentified person killed during the bombing was assumed to be an attacker. From the facts alleged, it is likely that the terrorist attack was deliberate and would constitute an extrajudicial killing within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1350 because the victims were not afforded the judicial process contemplated by the statute.

[5] 18 U.S.C. § 2339A defines "material support and resources" as:
> [A]ny property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials." 18 U.S.C.A. § 2339A

employment; (4) the foreign state must be designated as a state sponsor of terrorism either at the time of the incident or so later designated as a result of the act; (5) the act must have occurred outside the foreign state;[6] and (6) either the plaintiff or victim must be a U.S. national at the time of the incident.[7]  Smith ex rel. Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 226 (S.D.N.Y. 2003).

At the time of the alleged terrorist attack, Defendants Iraq, Iran, and Sudan were designated as state sponsors of terrorism by the U.S. government pursuant to section 6(j) of the Export Administration Act, section 40 of the Arms Export Control Act, and section 620A of the Foreign Assistance Act.[8]  In cases involving countries that are designated as state sponsors of terrorism as required by FSIA, the exercise of jurisdiction by the courts has thus far been generally accepted.  See, e.g., Elahi v. Islamic Republic of Iran, 124 F. Supp. 2d 97 (D.D.C. 2000); Flatow v. Islamic Republic of Iran, 999 F. Supp. 1 (D.D.C. 1998);

---

[6] It is undisputed that the attack occurred in Islamabad, Pakistan and not in Iraq, Sudan, or Iran.

[7] Although the Complaint does not verify that the victims Barbara Green and her daughter Kristin Wormsley were U.S. citizens, Plaintiff states in the Complaint that he is a U.S. citizen who resides in Honolulu, Hawaii and the case therefore meets this requirement.

[8] See The Bureau of Public Affairs, U.S. Department of State, *State Sponsors of Terrorism*, at http://www.state.gov/s/ct/c14151.htm.  Iraq's designation was rescinded in October 20, 2005.  See id.

Alejandre v. Republic of Cuba, 996 F. Supp. 1239 (S.D. Fla. 1997). Plaintiff however, must still show "by evidence satisfactory to the court" that Iran, Iraq, and Sudan provided material support to the Islamic extremist group that carried out the attacks in order for the Court to enter default judgment. See 28 U.S.C. § 1608(e) ("No judgment of default shall be entered . . . against a foreign state . . . unless the claimant established his claim or right to relief by evidence satisfactory to the court."). In Smith ex rel Smith, 262 F. Supp. 2d at 224, the court explained that "by evidence satisfactory to the court" means a "legally sufficient evidentiary basis for a reasonable juror to find for the plaintiff." The court also noted that "evidence satisfactory to the court . . . implicitly means that plaintiffs may not rely on the uncontroverted allegations of the complaint to establish their right to relief." Id. at 223 n.7 (quoting Ohntrup v. Makina ve Kimya Endustrisi Kurumu, 1993 WL 315636 at *2 n.3 (E.D. Pa. Aug. 18, 1993)); see also Owens v. Republic of Sudan, 2005 WL 724592 at *12 (D.D.C. Mar. 29, 2005) (conclusory allegations in plaintiff's complaint that Sudan provided "cover", "support", and "sanctuary" to Al Qaeda and Hizbollah, and a single allegation that a meeting occurred in the Republic of Sudan between the leaders of Al Qaeda and Hizbollah to plan embassy attacks did not provide enough information to determine the form of the alleged acts of "support" and whether those acts qualify as "material support or resources"

within the meaning of the statute). A plaintiff also need not establish that material support provided by the foreign state directly contributed to the particular act from which the claim arose. Flatow, 999 F. Supp. at 19. The general sponsorship of a particular terrorist group who is responsible for the act is enough to establish jurisdiction. See id.; see also Ungar v. Islamic Republic of Iran, 211 F. Supp. 2d 91 (D.D.C. 2002) (plaintiffs were not entitled to default judgment against Iran because they could not directly link Iran's support of terrorist organizations to the victim's murders because Iran was not in contact with that specific terrorist organization for several months prior to the attack).

In the instant case, Plaintiff has not stated enough evidence to establish the link between Iraq, Iran, and Sudan to the Islamic extremists who carried out the attacks. Plaintiff only relies on allegations made in the Complaint to establish his right to relief. Specifically, Plaintiff states that the attack was perpetrated by Bin Laden and Al Qaeda, who received support from Iraq, Sudan, and Iran or agents thereof who were acting within the scope of their employment. In fact, Plaintiff admits in his Complaint that there is no conclusive evidence of which Islamic extremist group carried out the attack because "no particular group immediately claimed responsibility." Plaintiff only states that "suspicion fell on Islamic extremists and militants." Additionally, no expert evidence links

Defendants Iraq, Iran, and Sudan to the Islamic extremist group who carried out the particular attack. See Smith ex. rel Smith, 262 F. Supp. 2d 217, 228-29 (expert testimony regarding the Republic of Iraq's covert involvement in 1993 World Trade Center bombing and proximity of dates of terrorist attacks on United States embassies and Iraq's ouster of United Nations weapons inspectors provided evidence "satisfactory to the court" that Iraq had provided material support to Al Qaeda and its leaders in connection with September 11 terrorist attacks, as required for entry of default judgment under FSIA). Therefore, Defendants designation as state-sponsors of terrorism would initially allow the Court to assert subject-matter jurisdiction, but without more evidence establishing a link between Defendants and the terrorists who carried out the attack, Plaintiff is not entitled to an entry of default judgment under FSIA.

2. Service of Process

The Court requires "substantial compliance"[9] with FSIA service of process requirements. Straub v. A P Green, Inc., 38 F.3d 448, 453 (9th Cir. 1994). FSIA describes four service methods that are hierarchical and should be attempted sequentially. See 28 U.S.C. § 1608(a); H.R. Rep. No. 94-1487 94th Cong. 2d Sess

---

[9] The pivotal factor of "substantial compliance" is whether the defendant received actual notice and was not prejudiced by the lack of compliance with FSIA. Straub v. A P Green, Inc., 38 F.3d 448, 453 (9th Cir. 1994).

11

(1976). The four methods of service are: (1) by special arrangement between the plaintiff and the foreign state;[10] (2) in accordance with an applicable international convention;[11] (3) by sending a translated copy of the complaint and summons, by any form of mail requiring a signed receipt, through the clerk of the court to the head of the ministry of foreign affairs of the foreign state; or (4) by sending a translated copy of the complaint and summons, by any form of mail requiring a signed receipt, through the clerk of the court to the Secretary of State. 28 U.S.C. § 1608(a).

Plaintiff contends that Defendants in the instant case were properly served via certified mail by sending a copy of the Complaint and Summons to their respective Embassies in Washington, D.C. Plaintiff however, failed to specify if the Complaint and Summons were properly translated into the official language of each foreign state as required by 28 U.S.C. § 1608(a)(3). Failure to deliver a complaint in the correct language is a "fundamental defect" to service of process. See Straub, 38 F.3d at 453; see also Gerritsen v. Consulado General de Mexico,

---

[10] The first method does not apply in the instant case since there was no special arrangement between Plaintiff and Defendants regarding service of process.

[11] The second method also does not apply because Iraq, Iran, and Sudan are not signatories to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters. See 20 U.S.T. 361; see also The Bureau of Public Affairs, U.S. Dept. of State, *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters*, at http://travel.state.gov/law/info/judicial/judicial_686.html.

989 F.2d 340, 345 (9th Cir. 1993) (holding that the plaintiff failed to perfect service under § 1608(a)(3) because he did not serve the Mexican Consulate with a Spanish translation of the complaint). Plaintiff failed to prove that Defendants received actual notice of the lawsuit. Consequently, his failure to substantially comply with FSIA, bars the Court from asserting personal jurisdiction over Defendants Iraq, Iran, and Sudan.

## Conclusion

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion be DENIED and that the case be DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, August ___, 2005.

Barry M. Kurren
United States Magistrate Judge

STEVEN MCGUINE V. THE ISLAMIC REPUBLIC OF PAKISTAN ET AL.; CV 04-00181 DAE BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF STEVEN MCGUINE'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS THE ISLAMIC REPUBLIC OF PAKISTAN, THE REPUBLIC OF IRAQ, THE REPUBLIC OF SUDAN AND THE ISLAMIC REPUBLIC OF IRAN AND TO DISMISS THE COMPLAINT WITHOUT PREJUDICE